**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA L. COLLINS, | |
| Plaintiff, | Civil Action No. 15-8352 (PGS) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter comes before the Court upon the appeal of Maria L. Collins ("Plaintiff") from the final decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), denying her request for benefits. (ECF No. 1). The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Court dismisses Plaintiff's complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## I. BACKGROUND

On November 30, 2015, Plaintiff appealed Defendant's denial of her request for benefits. (ECF No. 1). On May 10, 2016, Defendant filed an Answer to the Complaint and submitted the Administrative Record. (ECF Nos. 4, 5.) The text entry that accompanied Defendant's May 10, 2016 answer reflected that Plaintiff's brief was due by July 25, 2016. (ECF No. 4). Plaintiff failed to file a moving brief. On January 11, 2017, the Court issued a Notice of Call for Dismissal, which was returnable on January 24, 2017. (ECF No. 6). Plaintiff also failed to respond to the Notice of Call for Dismissal.

## II.  **DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court's consideration of whether to dismiss an action under Rule 41(b) is governed by the following factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

With respect to the first *Poulis* factor, Plaintiff has failed to comply with the District Court of New Jersey's Local Civil Rules. Specifically, Local Civil Rule 9.1(e)(1) clearly provides that "Plaintiff shall file a brief within 75 days of the receipt of answer to the complaint." L. Civ. R. 9.1(e)(1). Moreover, Plaintiff failed to respond to the Court's January 11, 2017 Notice of Call for Dismissal, which required counsel to "show good cause by affidavit setting forth what good faith efforts to prosecute this action have been made and what further efforts are intended." (Jan. 11, 2017 Notice). Notably, over two months have elapsed since the return date on the Notice of Call for Dismissal yet the docket reflects no communication whatsoever from Plaintiff's counsel. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

The second *Poulis* factor weighs somewhat in favor of dismissal. In the type of administrative appeal currently at issue, paper discovery is not exchanged and depositions are not taken, so Plaintiff's failure to prosecute her case does not result in the type of injustice to Defendant that is present in traditional civil cases. Nevertheless, Defendant filed an answer to Plaintiff's

Complaint and the administrative record, which reflects Defendant's readiness to participate in the action. The Court, therefore, finds at least some inherent prejudice to Defendant caused by the delay resulting from Plaintiff's failure to prosecute her case.

With respect to the third *Poulis* factor, Plaintiff filed a Complaint in November 2015 and filed an executed summons on March 14, 2016. (ECF Nos. 1, 3). While this case has a limited history, its limited history reflects dilatoriness on the part of Plaintiff. Accordingly, the third *Poulis* factor weighs somewhat in favor of dismissal.

As to the fourth *Poulis* factor, the Court does not find that Plaintiff's conduct has been in bad faith. As such, this factor weighs neither for nor against dismissal.

The fifth *Poulis* factor weighs in favor of dismissal. The Court's Notice of Call for Dismissal provided Plaintiff the opportunity to set forth her good faith efforts to prosecute the action and to advise the Court of the further efforts she intended to utilize to prosecute the action. (ECF No. 6). Plaintiff failed to respond. Based on the current facts, the Court finds that no lesser sanction would be effective.[1]

Finally, the sixth *Poulis* factor appears to weigh in favor of dismissal. On appeal from the final decision of the Commissioner of the Social Security Administration, the district court must determine whether there is substantial evidence in the record to support the Commissioner's decision. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer*, 186 F.3d

---

[1] The Court notes that the Notice of Call for Dismissal provided that if Plaintiff failed to file an affidavit before the return date, "counsel of record . . . may be required to appear before the Court, to show good cause why this action should not be dismissed for lack of prosecution." In light of Plaintiff's failure to prosecute her case during the extended period of time that has elapsed subsequent to the January 24, 2017 return date on the Notice of Call for Dismissal, the Court will not issue an Order to Show Cause.

at 427. In reviewing the record for substantial evidence, a court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford*, 399 F.3d at 552 (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the Administrative Law Judge's ("ALJ") decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

The administrative record in this matter contains two decisions and reflects careful consideration by the ALJ. In his first decision, dated October 31, 2013, the ALJ analyzed whether Plaintiff's work as a waitress constituted substantial gainful activity ("SGA"). (AR 33, ECF No. 5). The ALJ determined that because Plaintiff performed waitress work under special conditions, she had not engaged in SGA since the alleged onset date. (*Id.*) The ALJ, therefore, remanded the case to Disability Determination Services for reconsideration. (*Id.* at 34).[2] In his second decision, dated May 4, 2015, the ALJ: (1) set forth the relevant legal standards; (2) listed Plaintiff's impairments; (3) discussed Plaintiff's medical treatment; (4) considered Plaintiff's activities of daily living; and (5) analyzed the evidence, including the vocational expert's testimony. (*See generally* AR 15-24).

Here, the Court has reviewed the record in this matter, albeit without the benefit of legal arguments from either party due to Plaintiff's failure to adhere to Local Civil Rule 9.1(e)(1) or respond to the Court's Notice of Call for Dismissal. At the very least, it appears from the Court's review of the record that the ALJ's decision was most likely supported by substantial evidence. Accordingly, the final *Poulis* factor weighs in favor of dismissal.

---

[2] In his initial decision, the ALJ made no findings with respect to Plaintiff's disability status. (AR 33).

### III. CONCLUSION

As the majority of the *Poulis* factors weigh in favor of dismissal, the Court finds good cause to dismiss the matter without prejudice pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order accompanies this Memorandum Opinion.

### ORDER

For the reasons set forth above;

IT IS on this 27th day of March, 2017;

ORDERED that the Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

_____
PETER G. SHERIDAN, U.S.D.J.

Dated: 3/27/17